NO. 07-02-0088-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 27, 2002

_____

IN RE JOE L. LOVELL

_____

Before BOYD, C.J., and DODSON and DICKENSON, RJ.[1]

Relator Joe L. Lovell filed this original proceeding seeking an extraordinary writ directing the Honorable Bill Sheehan to (1) vacate the judgment and orders in the original underlying lawsuit affecting relator, and (2) disqualify himself from conducting further proceedings in both the underlying lawsuit and the cause of action severed from it. Subsequent to the filing of his petition, relator requested this court to stay all proceedings in the trial court pending resolution of his petition. We entered an order temporarily staying further proceedings but later, on the request of one of the other parties to the underlying suit, partially vacated the stay so that a hearing might be held on a motion or

_____

[1]Retired Justices Carlton B. Dodson and Bob Dickenson are sitting by assignment.

motions to recuse Judge Sheehan. That hearing was held, and Kelly Moore, Presiding Judge of the Ninth Administrative Judicial Region, entered orders in both the original cause and the severed cause recusing Judge Sheehan.

Writs of mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law where there is no other remedy by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1985). A remedy by appeal is not inadequate merely because it might involve more delay or cost than a mandamus action. *In re Ford Motor Co.,* 988 S.W.2d 714, 721 (Tex. 1998). The burden is on the party seeking mandamus to establish that he has no adequate remedy by appeal. *In re Bay Area Citizens Against Lawsuit Abuse,* 982 S.W.2d 371, 375 (Tex. 1998). Relator has failed to meet that burden with respect to his request that we vacate the judgment or orders in the underlying lawsuit affecting him. First, he has failed to direct us to the specific orders that should be vacated other than the judgment notwithstanding the verdict entered by Judge Sheehan. Second, he has failed to show that the propriety of the judgment notwithstanding the verdict or other orders of the trial court cannot be attacked on direct appeal.

As to relator's request that we order Judge Sheehan to disqualify himself from conducting further proceedings in both the underlying original lawsuit and the severed cause of action, he has obtained the relief he sought by virtue of the orders of recusal

2

entered by Judge Moore.  Therefore, this issue is moot, and there is no need for us to address it.

Finding that mandamus relief is not appropriate, we overrule relator's petition for extraordinary writ.  The stay of proceedings previously entered by this court is vacated.

Per Curiam

Do not publish.